UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

TIMOTHY SEIGFRIED and
SHANNIE SEIGFRIED,

    Debtors.

No. 14-12381-ta13

TIMOTHY SEIGFRIED and
SHANNIE SEIGFRIED,

    Plaintiffs,

v.

Adv. No. 14-01102-t

W. BYRON BOARD,

    Defendant.

## MEMORANDUM OPINION

Debtors brought this adversary proceeding against W. Byron Board for turnover of $532.71 in prepetition wages that were garnished post-petition, as well as attorney fees and punitive damages for willful violation of the automatic stay. Before the Court is Debtors' motion for summary judgment on all issues. For the reasons set forth below, the Court will grant the motion in part.

### I.    FINDINGS OF FACT

The Court finds that following facts are not in material dispute:[1]

---

[1] In making these findings, the Court took judicial notice of the docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may, sua sponte, take judicial notice of its docket); *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999) ("[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

On January 7, 2014 the Santa Fe Magistrate Court (Hon. George Anaya, Jr.) granted Board a $10,127.00 default judgment against Debtors for unpaid rent. Sometime thereafter, the Magistrate Court issued a writ of garnishment, garnishing Ms. Seigfried's wages from her employer.

Debtors filed this Chapter 13 case on August 5, 2014. Three days later Board received a $532.71 check from the employer (the "Garnished Funds"), representing net wages owed to Ms. Seigfried.[2]

Debtors sent a letter to Board on August 27, 2014, demanding turnover of Garnished Funds. Board responded on September 3, 2014, saying he would only turn the funds over "upon an order by the Trustee of the bankruptcy court." To date, Board has retained the Garnished Funds.

II. DISCUSSION

A. Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The rule applies in adversary proceedings. *See* Bankruptcy Rule 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable

---

[2] The wages appear to be for pre-petition work.

-2-

Case 14-01102-t    Doc 14    Filed 12/19/14    Entered 12/19/14 14:56:05 Page 2 of 10

to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). *See also Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993) ("[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."); *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980) (once a properly supported summary judgment motion is made, the opposing party must respond with specific facts showing the existence of a genuine factual issue to be tried); *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332, 335 (Bankr. D.N.M. 2008) (same)).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus*, 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. *See Anderson*, 477 U.S. at 251; *Vitkus*, 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson*, 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

B.  Property of the Estate

Under § 541,[3] the filing of a bankruptcy petition creates an estate that includes "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held." § 541(a). The scope of § 541 is broad and should be generously construed. *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983); *In re Montgomery*, 224 F.3d 1193, 1194 (10th Cir. 2000). The estate encompasses more than just property in the debtor's possession at the time of the bankruptcy filing. *U.S. v. Whiting Pools, Inc.*, 462 U.S. at 204–05 (several provisions of the Bankruptcy Code bring into the estate property the debtor did not have a possessory interest in at the time of filing); *In re Yates*, 332 B.R. 1 (10th Cir. BAP 2005) (extending the holding in *Whiting Pools* to Chapter 13 cases). *See also In re Dunne Trucking Co.*, 32 B.R. 182, 188 (Bankr. N.D. Iowa 1983) (discussing broad scope of § 541); *In re Leverette*, 118 B.R. 407, 409 (Bankr. D.S.C. 1990) (same).

While federal law governs whether property is § 541 "property of the estate," the nature and existence of the debtor's rights in property is determined by state law. *In re Builders Transport, Inc.*, 471 F.3d 1178, 1185 (11th Cir. 2006). S*ee also Barnhill v. Johnson*, 503 U.S. 393, 398 (1992) (in the absence of any controlling federal law, "property" and "interests in property" are creatures of state law); *Butner v. United States*, 440 U.S. 48, 54 ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.").

Under New Mexico law, earned but unpaid wages become subject to a judgment creditor's lien when a writ of garnishment is served on the employer. *See In re Lucas*, 107 B.R. 332, 335 (Bankr. D.N.M. 1989) (so holding). *See generally*. N.M.S.A. § 35-12-1 et seq.

---

[3] Unless otherwise noted, all statutory references are to 11 U.S.C.

-4-

A lien is an "interest in property to secure payment of a debt or performance of an obligation." § 101(37). For a lien to exist, the property must be owned by someone other than the lienholder. The lien is extinguished if the debt is paid or the property is sold to pay the debt. *In re Williams*, 460 B.R. 915, 922 (Bankr. N.D. Ga. 2011) (citing *In re Weatherspoon*, 101 B.R. 533, 540 (Bankr. N.D. Ill. 1989)). A lien created by a writ of garnishment is no different than any other lien. *See Aughenbaugh*, 2002 WL 33939738, at * 7 (Bankr. D. Idaho 2002). Creation of a garnishment lien does not mean that a debtor loses her interest in the encumbered property. *Id.* at *5 ("Even obtaining possession of the liened property does not fully divest the debtor."). *See also In re Carlsen*, 63 B.R. 706, 709 (Bankr. C.D. Cal. 1986) (a writ of garnishment divests the debtor of any interest in her wages only in states where the writ "accomplish[es] the complete end to the debtor's legal and equitable rights in future wages").

While in general wages paid to a garnishing creditor pre-petition are not property of the estate, *In re Suarez*, 149 B.R. 193, 196 (Bankr. D.N.M. 1993), in this case the Garnished Funds had not been paid to Board by the petition date, so Ms. Seigfried still owned the encumbered funds. *See In re Williams*, 460 B.R. at 923 (debtor still had an interest in funds subject to garnishment lien on the petition date, so the funds were estate property); *In re Trujillo*, 485 B.R.238, 244 (Bankr. D. Colo. 2012) (to the same effect). The Garnished Funds are estate property.

    C.    <u>Turnover</u>

Under §542(a), anyone in possession, custody, or control of property of the estate that the trustee may use, sell, or lease under § 363 is obligated to deliver such property to the trustee. *In re Foster,* 188 F.3d 1259, 1265 (10th Cir. 1999) (citing § 542(a)). "The primary condition of turnover relief [under § 542(a) ] is possession of existing chattels or their proceeds capable of

being surrendered by the person ordered to do so." *In re Graves,* 609 F.3d 1153 (10th Cir. 2010) (internal quotations omitted). Only if title to the funds had passed prepetition would the funds be beyond the reach of § 542. *Aughenbaugh*, 2002 WL 33939738, at *6.

Section 542 turnover is "intended as [a] remedy to obtain what is acknowledged to be property of the bankruptcy estate." *In re Century City Doctors Hosp., LLC,* 466 B.R. 1, 19 (Bankr. C.D. Cal. 2012). *See also In re Rood,* 448 B.R. 149, 161, n. 6 (D. Md. 2011) (turnover is a remedy rather than an independent cause of action).

While a turnover action cannot be used to determine the disputed rights of parties, the undisputed facts and clear New Mexico law show that the Garnished Funds are property of the estate pursuant to § 541. *See In re Charter Co.,* 913 F.2d 1575, 1579 (11th Cir. 1990) (explaining that Congress envisioned the turnover section to apply to money due to the debtor without dispute). Since the Garnished Funds are estate property, Board should have turned them over to the Debtors without prompting. No Court order was required; § 542(a) is self-executing and requires turnover.

D. <u>Standing</u>.

In Chapter 13, debtors are vested with all the rights and powers of trustees under § 363(b). § 1303. Therefore, in Chapter 13 cases debtors have the exclusive right to use and control estate property and seek turnover. *See In re Hutchinson*, 354 B.R. 523, 533 (Bankr. D. Kan. 2006) (only debtor, not Chapter 13 trustee, can compel turnover); *In re Sharon*, 234 B.R. 676, 687 (6th Cir. 1999) (in a Chapter 13 case, §§ 1303, 363, 542, and 362 work together to ensure the debtor remains in control of estate property); *In re Henry,* 2011 WL 1402767, *6 (Bankr. D. Mont. 2011) (per § 1303, Chapter 13 debtor is entitled to turnover of estate property); *In re Williams,* 316 B.R. 534, 540 (Bankr. E.D. Ark. 2004) (same).

E. <u>Violation of Automatic Stay</u>

Section 362(a) provides:

. . . a petition . . . operates as a stay applicable to all entities, of . . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case.

The automatic stay arises by statute upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). The scope of the automatic stay is broad and any action taken in violation of the stay is generally void and without effect. *In re Calder*, 907 F.2d 953, 956 (10th Cir. 1990).

"Enforcement of a garnishment against the debtor's property after the filing of the bankruptcy petition is an attempt to collect a judgment from the debtor, and amounts to a violation of the stay." *In re Venegas*, 257 B.R. 41, 45 (Bankr. D. Idaho 2001). *See also Aughenbaugh*, 2002 WL 33939738, at * 3 (citing and following *Venegas*). Once notified of the bankruptcy filing, garnishing creditors have an obligation to take all steps necessary to ensure that no automatic stay violations result from the garnishment. *Spangner v. Latham, Stall, Wagner, Steel & Lehman, P.C.,* 2005 WL 1950364, at *2 (W.D. Okla. 2005). Board violated the automatic stay by receiving and keeping the Garnished Funds.

    1. <u>Willful Violation of the Stay</u>. Section 362(k) provides a remedy for willful stay violations: "an individual injured by any willful violation of the stay . . . shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, punitive damages." § 362(k). *See also In re Jackson*, 251 B.R. 597, 601 (Bankr. D. Utah. 2000) (§ 542 provides the right to the return of estate property, while § 362[k] provides the remedy for

the failure to do so). The term 'individual' in § 362(k) means natural persons rather than corporations and partnerships. *In re Rafter Seven Ranches L.P.*, 414 B.R. 722, 733 (10th Cir. BAP 2009); *In re Potter*, 2007 WL 2332137, at *2 (Bankr. D.N.M. 2007).

"A debtor alleging a violation of the automatic stay has the burden to demonstrate, by a preponderance of the evidence, that a violation of the automatic stay has occurred, that the violation was willfully committed and that the debtor suffered damage as a result of the violation." *In re Kline*, 420 B.R. 541, 547 (Bankr. D.N.M. 2009) (citing *In re Panek*, 402 B.R. 71, 76 (Bankr. D. Mass. 2009)).

Under §362(k), a stay violation is willful if the creditor had knowledge of the automatic stay and intentionally performed an act in violation of the stay. *In re Johnson*, 501 F.3d 1163, 1172 (10th Cir. 2007). Proof of specific intent is not required, and a creditor's good faith belief that it had a right to the property is irrelevant. *Id.* Notice of the commencement or pendency of a bankruptcy case need not be formal or official to put a creditor on notice. *Id.* "Even an innocent stay violation (one committed without knowledge of the stay) becomes willful, if the creditor failed to remedy the violation after receiving notice of the stay." *Kline*, 420 B.R. at 548. "[A]n innocent stay violation can become willful if the creditor fails to remedy the violation after receiving notice of the stay." *Spagner,* 2005 WL 1950364, at *2 (quoting *Diviney v. NationsBank of Tex., N.A. (In re Diviney)*, 225 B.R. 762, 774 (10th Cir. BAP 1998)).

Upon a finding of a willful violation of the automatic stay, an award of the debtor's actual damages, including costs and attorney's fees, is mandatory. *Aughenbaugh*, 2002 WL 33939738, at *11.

Here, even if Board did not know Debtors had filed a bankruptcy petition on August 5, 2014, he was put on notice by Debtors' demand letter and was required to turn the Garnished

-8-

Funds over to the Debtors immediately. By refusing to do so, Board exercised control over estate property in willful violation of the automatic stay. *See In re Kline*, 420 B.R. at 548 (failure to remedy violation upon notice of bankruptcy filing satisfies the willfulness requirement of §362(k)). Because Board willfully violated the automatic stay, Debtors are entitled to a judgment for their actual damages and reasonable attorney fees and costs. There is no dispute about the actual damage amount ($532.71), but the current record contains no admissible evidence of the attorney fees Debtors incurred in this matter.[4]

        2.    <u>Punitive Damages</u>. Imposition of punitive damages requires proof of something more than a willful stay violation. *In re Johnson*, 501 F.3d at 1171. *See also In re Escobedo*, 513 B.R. 605, 613–14 (Bankr. D.N.M. 2014) (finding egregious and malicious conduct sufficient to warrant the imposition of punitive damages); *Aughenbaugh*, 2002 WL 33939738, at *11 ("[p]unitive damages will be awarded only if a defendant's conduct was malicious, wanton, or oppressive"); *Curtis v. LaSalle Nat'l Bank (In re Curtis)*, 322 B.R. 470, 486 (Bankr. D. Mass. 2005) (stating that "arrogant defiance of federal law" is an appropriate standard).

The Tenth Circuit Bankruptcy Appellate Panel has identified two standards for awarding punitive damages. First, "the debtor may recover punitive damages when the defendant acted with actual knowledge that he was violating a federally protected right or with reckless disregard of whether he was doing so." *In re Diviney*, 225 B.R. at 776. Second, the Court may use a four-factor test considering "(1) the nature of the defendant's conduct; (2) the defendant's ability to pay; (3) the motives of the defendant; and (4) any provocation by the debtor." *Id.* at 777.

---

[4] In the Motion the Debtors state they incurred $500 in attorney fees, but the statement is in the conclusion rather than one of the alleged undisputed facts. There is nothing in the record supporting the figure.

The Court will deny Debtors' motion for a summary judgment awarding punitive damages. Based on the meager record before the Court, there clearly are fact issues about Board's motives, intent, state of mind, and ability to pay, as well as any potential provocation by the Debtors.

### III.  CONCLUSION

The Garnished Funds are property of the estate and should have been turned over long ago. Board's failure to do so after receiving Debtors' demand letter was (and continues to be) a willful violation of the automatic stay. The Court will enter a partial judgment against Board for $523.71. The Court will set a hearing on the award of attorney's fees, costs, and punitive damages. A supplemental judgment will be entered after the hearing.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: December 19, 2014

Copies to:

Ronald E Holmes
112 Edith Blvd NE
Albuquerque, NM 87102

W. Byron Board
7 Los Lomitas Court
Edgewood, NM 87015